**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doris Ann Warcola,<br><br>               Plaintiff,<br><br>v.<br><br>John Halikowski, Director, Arizona Department of Transportation; Jennifer Dorsey, Assistant Attorney General,<br><br>               Defendants. | No. CV-12-8201-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 9.) For the reasons discussed below, the Court grants the Motion.

The Defendants moves to dismiss Plaintiff Doris Warcola's Complaint for failure to serve process pursuant to Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly[.]" *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). When service of process is challenged, a plaintiff bears the burden of showing that the court's personal jurisdiction is properly exercised. *Hirsh v. Blue Cross, Blue Shield,* 800 F.2d 1474, 1477 (9th Cir. 1986). Pursuant to Fed. R. Civ. P. 4(m), service of process must be made within 120 days after the complaint is filed unless the court otherwise directs:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the

   action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Service upon a government entity like the Arizona Department of Transportation ("ADOT") must be made by: (1) delivering a copy of the summons and of the complaint to its chief executive officer; or (2) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2). Rule 4(d) authorizes a plaintiff to request waiver of service, however, a defendant is not required to respond to the request. If a defendant fails to respond without good cause, a court must require the defendant to pay the expenses later incurred in making service. Fed. R. Civ. P. 4(d)(2). However, the plaintiff must still effect service of process on that defendant in a timely manner under Rule 4(m). *See Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998); *Cambridge Holdings Group, Inc. v. Federal Ins. Co.*, 489 F.3d 1356, 1362 (D.C. Cir. 2007)).

   Warcola has not complied with the Rule 4 requirements and has failed to serve process on ADOT. On October 10, 2012, Warcola mailed copies of the Summons and Complaint to ADOT Director John Halikowski. She included in that mail a "Waiver of the Service of Summons." (Doc. 9-1 at 2.) However, it appears that Warcola signed and dated her name in the space designated for the "Printed name of party waiving service of summons." (*Id.*) ADOT contends that it did not and was not required to waive service. On November 29, 2012, ADOT's counsel notified Warcola that it had yet to be served with process and requested to speak with her to discuss the matter. (*Id.* at 5.) The Parties conferred on December 13, 2012 at which time ADOT's counsel discussed service options with Warcola. (*Id.*) She agreed to effect proper service on ADOT. (*Id.*) On February 5, 2013, the Court issued an Order stating that a review of the file showed that the Complaint had not been properly served on ADOT within the time required by Rule 4(m). (Doc. 8.) The Court required Warcola to show good cause within fourteen days for failure to serve. (*Id.*) Warcola did not reply to that Order. ADOT submits the affidavit of

Mary Currie, who is authorized to accept service of process for ADOT, stating that as of February 13, 2013, ADOT had not been served with the Complaint. (Doc. 9-1 at 7.) A review of the file shows that as of the date of this Order, Warcola has not filed a notice of service of process.

The rules governing service of process are strict, and Warcola's failure to comply cannot be excused after repeated requests to do so.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **granted without prejudice to Plaintiff's right to re-file and appropriately serve the Complaint**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 24th day of June, 2013.

/G. Murray Snow
United States District Judge